**DIVISION OF AID FOR THE AGED etc., Plaintiff-Appellee, v. BRESKVAR, Admx., etc., Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21694.   Decided February 27, 1950.

H. S. Duffy, J. A. Robenalt, Cleveland, for plaintiff-appellee.
Leopold Kushlan, Cleveland, for defendant-appellant.

(GUERNSEY, PJ, of 3rd District; HUNSICKER and DOYLE, JJ, of the 9th District sitting by designation in the 8th District.)

## OPINION

By HUNSICKER, J:

This is an appeal on questions of law. In its petition upon which the judgment appealed from was rendered, the plaintiff predicates its right of recovery upon the following state of facts;

During the lifetime of one Frank Pangersic, deceased, he had applied for and obtained aid for the aged from January, 1939 to March, 1945. The amount of money paid by the Division of Aid for the Aged to Frank Pangersic, during his lifetime, was $1,740.10. Frank Pangersic died before Frances, his wife. Upon the death of Frances Pangersic a claim was presented by the Division of Aid for the Aged to the appellant herein, Frances Breskvar, as Executrix of the estate of said Frances Pangersic, deceased, for the sum of money which they (The Division of Aid for the Aged), had paid to the husband, Frank Pangersic. This claim for the money so paid to Frank was rejected and the instant action was thereafter commenced against the estate of Frances Pangersic, de-

ceased, by the appellee, Division of Aid for the Aged, to recover such sum of money.

To this petition Frances Breskvar, as Executrix of the estate of Francis Pangersic, deceased, filed a demurrer claiming that the petition does not state facts which show a cause of action.

The Common Pleas Court of Cuyahoga County overruled such demurrer and, the appellant not desiring to plead further, trial was had and judgment was rendered against the appellant as such Executrix of the estate of Frances Pangersic, deceased, for the sum of $1,740.10. It is from such judgment that this appeal on questions of law is before this court.

Nowhere in the petition is it claimed that Frances Pangersic in her lifetime ever received any award from the Division of Aid for the Aged, nor is it claimed that she agreed to be bound for the repayment of the sums paid to her husband.

If any liability arises herein it does so by reason of the operation of §1357-7 GC as amended effective September 26, 1947, which reads as follows:

"Preferred claims against estate: Upon the death of a person, the total amount of aid paid to said person and to his or her spouse under this act, shall be a preferred claim against the estate of such deceased person, having priority and preference over all unsecured claims except the bill of the funeral director not exceeding two hundred dollars, the expense of the last sickness and those of administration and the allowance made to the widow and children for their support for twelve months."

It is claimed that liability herein occurs by reason of the following phrase in such section: "Or to his spouse or either or both of them." The legislature by the inclusion of this language in this section, sought to fasten upon the estate of a deceased recipient of aid for the aged, and upon the estate of his deceased spouse any aid paid to either, separately. It sought to make liable an estate of a deceased person where the person himself would not be liable.

The State of Ohio certainly has the right to determine the conditions under which it will furnish financial aid to its needy citizens. However, it must be remembered that the money paid to Frank Pangersic was paid during the period from January, 1939 to March, 1945; that the amendment of §1359-7 GC became effective September 26, 1947 and that this claim against the estate of his wife was made in the year 1949.

While there may be other reasons for a reversal of this judgment, the judgment will be reversed on the following

specific ground, the statute does not operate retroactively to make liable an estate of a deceased spouse of a recipient of aid where such aid was paid prior to the effective date of the amendment to §1359-7 GC (effective Sept. 26, 1947).

Judgment reversed and cause remanded to the common pleas court with instructions to sustain the demurrer.

GUERNSEY, PJ, DOYLE, J, concur.